PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2004 Chevrolet Cavalier struck an uneven surface on the berm of Corridor H, designated as US Route 33, near Elkins, Randolph County. US Route 33 is apublic road maintained by respondent. The Court is of the opinion to malee an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred around noon on September 15, 2008. US Route 33 is a paved, four-lane highway with two lanes traveling in each direction. The speed limit on US Route 33 is sixty-five miles per hour. At the time of the incident, Russell Swecker testified that he entered onto US Route 33 from Crystal Springs and was proceeding in the left lane at between fifty-five and sixty miles per hour. Since there was traffic behind him, Mr. Swecker maneuvered his vehicle over to the right lane of traffic. Mr. Swecker was driving near the edge of the road, and his tires left the roadway and struck an uneven surface on the berm. Ms. Swecker, who was a passenger in the vehicle, testified that there was a drop-off of approximately eight inches between the road surface and the berm at this location. The stretch of uneven surface was approximately four feet long. As a result of this incident, claimants’ vehicle sustained damage to two tires, two rims, and two wheel covers in the amount of $490.59. Claimants’ insurance deductible was $500.00 at the time of the incident.
The position of the respondent is that it did not have actual or constructive notice of the condition on US Route 33. Lewis B. Gardner, Transportation Crew Supervisor for respondent, testified that he is responsible for maintaining Corridor H. He testified that Corridor H is a high priority road. The DOH 12, a record of respondent’s daily work activity, indicates that respondent patched the drop- off on the berm with cold mix on September 16,2008. Prior to this incident, respondent did not have notice of the condition of the berm at this location.
*67 The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the condition of the berm at this location. The drop off onto the berm created a hazard to the traveling public on this high priority road. Thus, there is sufficient evidence of negligence to base an award. Notwithstanding the negligence of the respondent, the Court is also of the opinion that the driver was negligent in traveling too close to the edge of the road. In addition, Mr. Swecker was not forced onto the berm by traffic. In a comparative negligence jurisdiction such as West Virginia, the negligence of a claimant may reduce or bar recovery in a claim. Based on the above, the Court finds that the driver’s negligence equals ten-percent (10%) of the claimants’ loss. Since the negligence of the driver is not greater than or equal to the negligence of the respondent, claimants may recover ninety-percent (90%) of the loss sustained.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion that the claimants should be awarded the amount of $441.54.
Award of $441.54.